■   In the Matter of the Claim of MAGDA KROO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from receiving unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. Claimant was employed by the respondent for approximately three and one-half years and, in April, 1965, she requested her annual two-week vacation for the following July. Her supervisor denied the request because claimant's seniority was not sufficient to entitle her to the July vacation. Claimant alleges that she was told that if she did not take the vacation allotted to her, she was fired. On May 26, 1965, claimant's father died and she was granted a leave of absence until June 7, at which time she requested permission to take her vacation, which she took until June 20. She failed to return to work on June 21, 1965. Claimant alleged that she failed to return to work because she thought she was fired. The employer had no knowledge of the termination of her employment, expected her to return to work on June 21 and a position was available for her if she returned. There is substantial evidence in the record to establish that claimant was not discharged, but voluntarily separated herself from her employment, and that such separation was without good cause. What constitutes "good cause" is a factual question and thus within the exclusive province of the board, if its determination is supported by substan-

tial evidence. (Labor Law, §§ 593, 623; *Matter of Rink* [*Catherwood*], 25 A. D. 2d 790.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Staley, Jr., J.